# DeWitt County National Bank
## v.
## Ira I. Nixon et al.

*Note—Indorsement in Blank—Whether a Guaranty—Conflict of Evidence.*

1. Clear proof is required to overcome the presumption from a blank indorsement by a third party that a guaranty was intended.
2. Where the question involved is one of fact and the evidence is conflicting, the finding of the jury will not be disturbed.

[Opinion filed June 14, 1887.]

In error to the Circuit Court of DeWitt County; the Hon. Cyrus Epler, Judge, presiding.

Messrs. George B. Graham and O. E. Harris, for plaintiff in error.

The signature of a third person on the back of a note, in the hands of the payee, is *prima facie* evidence that it was placed there as a guaranty. Camden v. McKoy, 3 Scam. 437; Cushman v. Dement, 3 Scam. 497; Carroll v. Weld, 13 Ill. 682; Klein v. Currier, 14 Ill. 237; Webster v. Cobb, 17 Ill. 459; Parkhurst v. Vail, 73 Ill. 343; Glickauf v. Kaufmann, 73 Ill. 378; Pahlman v. Taylor, 75 Ill. 629; Stowell v. Raymond, 83 Ill. 120.

"In order to rebut the legal presumption (of guaranty) the proof must be clear and satisfactory as to a different intention." Stowell v. Raymond, 83 Ill. 120; Cushman v. Dement, 3 Scam. 497; White v. Weaver, 41 Ill. 409; Glickauf v. Kaufmann, 73 Ill. 378.

Messrs. Moore & Warner, for defendants in error.

The holder of a negotiable note, indorsed in blank, may fill up the blank with such undertaking as is consistent with the nature of the instrument and the intention of the parties, and the indorsement of a note in blank, by a third party, raises a presumption only, that it is intended thereby to assume the

liability of a guarantor, which may be rebutted by proof that the real agreement between the parties was different. Eberhart v. Page, 89 Ill. 550; Boynton v. Pierce, 79 Ill. 145; Webster v. Cobb, 17 Ill. 459.

Where the evidence is conflicting, and that produced by either party, considered alone, is sufficient to require a verdict in his favor, a new trial will not be granted on the ground that the verdict is not sustained by the evidence. Howitt v. Estelle, 92 Ill. 218; Lewis v. Lewis, 92 Ill. 237; Buchanan v. McLennan, 105 Ill. 56; Clark v. Day, 93 Ill. 480; Connecticut L. Ins. Co. v. Ellis, 89 Ill. 516; Sullivan v. Dollins, 13 Ill. 85.

PLEASANTS, P. J. Plaintiff in error brought this suit against the defendants, who were co-partners, on an alleged guaranty of a note made by Cresmer Brothers and Danison for $1,273.50. Their firm name only was indorsed, and the president of the bank wrote the guaranty over it. Nixon, the partner who so indorsed it, testified that the agreement was to be responsible only in case the money could not be made out of the makers, and for that reason he refused the request to sign it as security. It further appears that the president wrote to the defendants expressing a willingness to extend the time of payment to the makers, if they, the defendants, as "indorsers," would consent. And although the use of the term "indorsers" is, perhaps, sufficiently explained as being the language of the clerk who wrote by his authority as to the substance, the requirement of their consent is not, and indicates that he did not understand they were guarantors, whose consent would not be necessary in order to preserve their liability. The president denied all recollection of the conversation related by Nixon, but the latter was clear and positive about it, and it was for the jury to find the fact upon this conflict of evidence. Clear proof is required to overcome the presumption from a blank indorsement by a third party that a guaranty was intended, yet we can not say it was not so found and properly found. There being no complaint except of the verdict, the judgment for defendants will be affirmed.

*Judgment affirmed.*